UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD,<br><br>        Plaintiff,<br><br>v.<br><br>RENEE PALMER, et al.,<br><br>        Defendants. | Case No. 21-cv-00530-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 43, 45, 48, 51, 54, 79, 87, 105 |

Before the Court are seven motions to dismiss filed by Defendants Carla Gorum, Leigh Mueller, Margaret Mary Moore; Helene Walters and Jodee Noll; Renee Palmer; Krystle Stringer, Sophia Webb, Chelsea Abreau, Kellie Case, Toni Nestore, Abryan Seabron, Roxanna Alavi, and Patricia Lowe (collectively, "Contra Costa County Defendants"); Janet Santoyo; Araceli Ramirez; and Nina Bhutani. The Court will grant the motions.

I.  **BACKGROUND**

This case stems from state court proceedings involving Plaintiff Anjali Ward's loss of custody of her infant, WW, due to suspected drug use shortly after his birth in January 2019. Ward has sued the doctors that delivered WW and suspected drug use (Defendants Gorum, Mueller, Moore); the nurses that reported suspected child endangerment to the authorities (Walters and Noll); the Santa Cruz County social worker who questioned Ward while at the hospital about Ward's past drug use (Palmer); the Contra Costa County social workers, lawyers, and other staff involved in the juvenile dependency investigation and action (the Contra Costa County Defendants); the police officer who detained Ward and executed an arrest warrant after she failed to appear for the court-ordered juvenile dependency hearing (Santoyo); and the court-appointed lawyers who represented Ward during the juvenile dependency proceedings (Ramirez and

Bhutani).  Ward seeks monetary damages, a restraining order against Defendants, and the return of her sons WW and CW.[1]  Defendants now move to dismiss.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331.

## III. REQUESTS FOR JUDICIAL NOTICE

Courts may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a summary judgment motion.  *Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986).  Public records are appropriate subjects for judicial notice.  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (approving taking notice of records "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Defendants seek judicial notice of numerous documents.  *See* ECF Nos. 43-2, 46, 49, 52, 55, 56, 80.  Except for the court records showing a pending appeal of the juvenile dependency proceeding involving WW before the First Appellate District, ECF No. 46-1 at 2, ECF No. 80 at 5, the other documents do not bear on the Court's analysis of the motions to dismiss, and Defendants' requests are therefore denied as moot.  The court records from the First Appellate District are public court records whose authenticity cannot be reasonably questioned, so the Court judicially notices them.

## IV. MOTIONS TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a complaint need not

---

[1] CW is Ward's older son.  Like WW, Ward lost custody of CW due to drug-related child abuse. Although the complaint seeks CW's return, it draws no connection between Defendants and the custody dispute involving CW.  To the extent Ward seeks relief regarding that dispute, she must seek it in the related case that involves him, *Ward v. Lawrence*, Case No. 19-cv-00183-JST.

contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted).

In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). If the motion to dismiss is granted, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

## V.     DISCUSSION

### A.     County Defendants' Motion to Dismiss

The County Defendants move to dismiss this federal action on *Younger* abstention grounds because the related state court dependency proceeding involving WW is currently pending. *See* ECF No. 45 at 9-10 (citing *Younger v. Harris*, 401 U.S. 37, 49-53 (1971)). In the alternative, the County Defendants ask the Court to dismiss all claims against them because the complaint violates Rule 8; they are immune from suit; and because the complaint is barred by the *Rooker-Feldman* doctrine. County Defendants also argue that any claims based on the Indian Child Welfare Act ("ICWA") are barred by collateral estoppel.

Under *Younger*, federal courts should abstain from granting injunctive or declaratory relief

that would interfere with a pending state court case. *Younger*, 401 U.S. at 41. In the absence of "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate his or her federal claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982).

Although *Younger* itself dealt with a criminal case, the Supreme Court has extended the doctrine to civil matters such as juvenile dependency proceedings. *Moore v. Sims*, 442 U.S. 415, 423 (1979). The doctrine has also been applied specifically to ICWA claims. *See Belinda K. v. Cty. of Alameda*, No. 10-CV-05797-LHK, 2012 WL 273720, at *3 (N.D. Cal. Jan. 30, 2012) (denying, on the basis of *Younger* abstention, a motion under ICWA to invalidate state dependency court protective order because the motion was "essentially an attempt to issue an injunction in a pending state court proceeding"); *see also Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996) (remanding ICWA case to district court with directions to abstain under *Younger* and to dismiss case without prejudice).

This case meets all three requirements for *Younger* abstention. First, the termination of Ward's parental rights is still pending before the state appellate court. *See* ECF No. 46-1 (docket for *Contra Costa Cty. Children & Family Servs. Bureau v. A.W.*, Cal. Ct. App., Case No. A164214); ECF No. 80 at 5 (same). Second, important state interests are implicated by the dependency proceedings at issue here. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612-14 (9th Cir. 2000) (pending state custody proceedings are "precisely the type of case suited to *Younger* abstention"). Third, the ongoing state proceedings "afford an adequate opportunity to raise the ICWA and constitutional claims . . . and there is no showing of a procedural bar against [Plaintiffs'] assertion of those claims." *Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (citation and internal quotation marks omitted).

"When a case is one in which the *Younger* doctrine applies, the district court has no discretion; it must dismiss." *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998). Having determined that the elements of the *Younger* doctrine are met, the Court has

4

1  no choice but to dismiss the action. Accordingly, the claims against the County Defendants are
2  dismissed without prejudice.

### B. Gorum, Mueller, and Moore's Motion to Dismiss

Like the County Defendants, Gorum, Mueller, and Moore invoke *Younger* abstention. For the same reasons set forth above, their motion to dismiss is granted. Ward's claims against Gorum, Mueller, and Moore are dismissed without prejudice.

### C. The Remaining Defendants

Palmer, Bhutani, Ramirez, Santoyo, and Walter and Noell do not invoke *Younger* abstention in their motions to dismiss. But "[i]t is well-settled that a court may raise abstention sua sponte." *Scarlett v. Alemzadeh*, No. 19-CV-07466-LHK, 2020 WL 3617781, at *2 (N.D. Cal. July 2, 2020), *appeal dismissed*, No. 20-16491, 2021 WL 3417911 (9th Cir. June 9, 2021) (citing *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)). Accordingly, for the same reasons just discussed, Ward's claims against Palmer, Bhutani, Ramirez, Santoyo, Walter, and Noell are dismissed without prejudice under *Younger*.[2]

## CONCLUSION

For the reasons stated, this case is dismissed without prejudice to refiling once the state court appeal has concluded. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 22, 2022

JON S. TIGAR
United States District Judge

---

[2] One defendant – Irana Maramica – recently filed a motion to dismiss that has not yet been fully briefed but which likewise does not raise *Younger* abstention as a defense, ECF No. 105. And several defendants – Sarah Flynn, Jack Flynn, Todd Stroud, and Tyler Prentice – have not entered an appearance. Because these defendants' claims may be dismissed on *Younger* abstention grounds as well, those claims are also dismissed without prejudice. *See Silverton v. Department of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding that a district court "may on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants integrally related").